Good morning. I'm Robert Kline on behalf of the Ketam plaintiff, Alvin Tamanaha. Okay. Kurt Ozenbaugh on behalf of the appellee, Furukawa Electric. All right. Thank you. Go ahead. This is a case brought under the False Claim Act. And the defendants, the Furukawa defendants, created a very elaborate scheme to cheat the government, U.S. Customs, out of customs duties. It was complex. You're here to help the government. I'm here to help the government. It was complex. I think we briefed the issue. I think it's pretty well briefed. But essentially, there was an issue with different shipping terms that were used. And the net effect was that the transaction value of the goods were undervalued and the custom duties is based upon the transaction value. You're not alleging any kind of lease or contract with the government on which the suit is brought, are you? No. This was a reverse false claim. And what we're alleging is that there are federal regulations and statutes that basically say that upon importation of goods, an obligation to pay duties arises. And I think that was one of the issues that was raised in the district court. Well, aren't we really talking, Counselor, about whether you've adequately pled with particularity your claim? Isn't that what we're really arguing about? I think that was one of the things. I think the two things was whether there was an error of law. It's our position, and I think the case law and the regulations support us, is that the obligation does exist upon importation as opposed to fines and penalties. And I think that was the argument that was raised. Well, under 19 U.S. 1592, that's the potential monetary penalties, correct? Well, there are penalties, but it's an existing obligation that arises as soon as the goods are imported. Well, but then under 1592, there isn't any obligation, is there? Well, I'm not sure about that. The obligation comes from some other place. I'm not exactly sure where the obligation is. You know, the case law we cited, we did cite regulations that basically said that, well, the issue was whether this is a fine or penalty when you couldn't assert a reverse-false claim or whether it was an existing obligation. And I believe, at least our position is, that it was an existing obligation upon the exporter. You're really not arguing, are you, that the potential monetary penalties are existing obligations? No, the duty to pay. I'm not talking about penalties. We're talking about the obligation to pay the duties is an obligation. You're talking about the obligation to pay which comes as you bring the goods in. Right. And where do you allege specifically with particularity that allegation? Oh, in the complaint? Yeah. I'm not sure if we specified it, if we addressed the issue of when the obligation arose in the complaint. I mean, I felt that the complaint was adequate to state a cause of action, but I think one of our biggest gripes was that the motion to dismiss was granted without leave to amend. And I believe that if we have leave to amend, if there was any deficiency in the pleading with particularity, that could have been cured. And that's primarily why we're here today, I think. Under 1592, though, there's some contingency, isn't there? I'm sorry? There's some contingency in terms of the obligation to pay these duties. I don't think there's a contingency. I think it arises until it's paid. I don't think there's a contingency the way we were reading the statute. Is there any discretion, though, or can you seek an importer, can they seek a discretionary, you know, relief from that? Well, it's my understanding they can't. It's my understanding it's nondiscretionary. And I think that's one of the issues here in differentiating between whether it was a present existing obligation, nondiscretionary, as opposed to a, you know, finer penalty where there was a bit of discretion. Well, isn't that really the problem that we have with your complaint in that it really doesn't talk about that nondiscretionary penalty that you seem to suggest there is, but it all deals with 1592, which is totally discretionary, has some penalties? Well, you know, if there was a flaw in the pleading, I think we could correct it with an amended complaint. I just think that it's inappropriate to not give at least one opportunity to amend a complaint to see if there is a deficiency, that it can be corrected. That's really the crux of the appeal. Well, that's the second issue. I mean, the issue is to whether there should have been relief to amend. Correct. But I'm going back to this 1592. The statute itself talks about that a custom service shall determine whether a violation has occurred. Well, you know, I think we're going back and forth on whether we're talking about a violation occurring where there would be a penalty and maybe some discretion, as opposed to an obligation upon importation. Doesn't the obligation upon importation come out under the regulations as opposed to 1592? I think it does. It comes out under the regulations, I believe. And I believe case law has addressed the issue and basically has found that the same argument was raised in the case that you cited. I think it's the – I had a hard time pronouncing it, but the Hongwan import case addressed that issue. And I think the issue is an identical issue as it was raised in this case. Let me ask you, where in your complaint do you state the name or place or specific content of the false representations? Well, in pleading a reverse false claim, I don't know if you have to have the same degree of specificity as you do in an actual fraud case. Is there a good case for that? Yeah, I think we cited something to that effect. Well, I thought Bly-McGee v. California was pretty specific. But there is – yeah, Bly-McGee was specific, but – let's see. I mean, it seems to me that you have a general allegation in your complaint of false information. Then I looked around for allegations of submissions of invoices to the customs or allegations that invoices were used to determine the amount of the customs duties. Didn't see those allegations either. Well, I thought we were pretty specific in what we pledged. We have someone who doesn't have all the information. When you have a reverse false claim – and the case that I was referring to would be Gold v. Morris & Knutson Company. All right. I think there is a little bit of leeway on a reverse false claim in the pleading. And I believe – well, you know, I think it really comes down to the issue of whether we should have been allowed leave to amend. And I think if we were given at least one opportunity to amend, then we could have addressed any deficiency that might have existed in the pleadings. And that's – you know, I think it came as a surprise to me that we weren't allowed leave to amend on this. All right. I guess – where did you ask the judge for leave to amend? Oh, that was – we definitely asked for that at the time of the hearing. And I don't know if we have the whole transcript there, but I know we asked that. And the judge specifically stated that he was going to not allow that. Did you give any facts that you could allege to conform to the pleading requirements? I don't recall – Or how you'd get those facts? I don't recall specifically if we did at the time. Maybe not. This is a very complex area. And my client has told me – we haven't investigated in much detail, but there are certain customs regulations that were not complied with that we could allege additional facts to show that there is a violation. So, you know, that's why I think it would be appropriate to allow the filing of an amended complaint. Thank you. Thank you very much. I thank your time. We're eating into your rebuttal. Judge Fletcher, if you've got questions, you just pipe up. I'll just stop asking because I give to those with authority over me. If you ask questions which I find irrelevant, I don't mean to rebut. Okay. In other words, if you've got something contradictory to me, you'll say it. I will. I'll be brief. A couple things. There are two issues. One is whether the motion dismissed was properly granted. Second is whether leave to amend would have been appropriate. As to the motion to dismiss, I don't think there's a serious dispute. And your Honor's questions, I think, brought that out. 1592, which was the statute alleged, is a discretionary penalty provision. Did they also make allegations about the general obligations under the customs law to make payments upon entry into a port? They did in their papers. They didn't – that wasn't what their complaint was about. So that's what I'm distincting. Obviously, the motion was appropriately granted. Then the second question, and I'll get there quickly, is, okay, was leave to amend appropriately denied? And in their papers, they concede that is an abuse of discretion standard. Now, is it an abuse of discretion to deny leave to amend when there is no indication, as Your Honor alluded to, of how they might do it? The facts upon which they based – Had this only been – had it ever been amended? No. I mean, is that unusual to not afford a party one opportunity to amend a complaint? It is unusual, except in this particular circumstance, it was appropriate because there was no indication of how they might amend, one. And, two, what they did have in their complaint were these – basically a purchase order invoice. That's their big theory. They say, oh, one of them's got CAF, one's got FOB. I mean, typically, isn't leave to amend appropriately denied only when it's obvious that it would be futile to amend? I think the circumstances here certainly indicate that. Counsel, even here, was challenged to indicate how they might amend. They didn't do so down below. In their appellate brief, there's one little line there that suggests how they might amend. That's taking discovery. That's at page 9 of their brief. And we've cited the cases. Well, it's a little tough to amend and cite specifically what you did wrong if all the information is either in your hands or the government's hands and not in their hands. Well, actually, again, in this False Claims Act setting, that's particularly an apt thing to talk about, which is the cases talk about – I think this is by McGee – that in the False Claims Act case in particular, the whole idea is the bounty hunter-relator has inside information. Now, if this were appropriate, what do they want here? They want leave to amend, hopefully get before a different district court judge who might allow a more amorphous pleading, and then conduct discovery. And I can tell you what the discovery will be. It will be, let's give us all your export-import information for the last six years. Six years, that's the statute of limitations period for the False Claims Act. Also, the language in the cases we cited talk about the need to avoid that in a fraud context, specifically applicable to a False Claims Act, to discourage that very thing. And why couldn't they have indicated some basis for leave to amend, some factual basis? The reason why they can't is their theory involved those two invoices, which they tried to make something of which there was nothing to be made of, as shown by the actual documents submitted to Customs. We can't consider those, though, can we? I think you can, because that was not – the accuracy of that document has never been challenged. But don't – I mean, it's still – that would be opening it up to the summary judgment standard if you're allowed to start submitting outside documents. Yeah. Well, at some point, I think the attorneys were officers of the court, and when something's being said to the court that's on its face, it so easily demonstrably falls. However – Well, under Rule 12, don't you have to give notice to the parties that you're going to convert something to a motion for summary judgment, and you're going to allow external documents? I wouldn't call it – well, two things. I wouldn't call it a motion for summary judgment. I would just say we found that shipping document, located it shortly before the hearing. There was no indication that there's any information suggesting it's false. But forgetting that, the two pieces of paper they had – Well, it's very hard on a motion for pleadings to look at extraneous information. Sure. And, you know, we don't need to, because the two invoices they have on their face indicate prices of products would be the same. But you did rely upon it, didn't you? Well, when in doubt, if I've got information that's so readily indicating that something's wrong being told to the court, I'll present it. And, of course, the court is free not to consider it as appropriate. Going back, the government disagrees with you, don't they, in terms of whether your duties were owed at the time you imported it? The government was concerned about the court making a sweeping statement that there is no preexisting duty attaching upon importing of products. That duty in the Code of Federal Regulations section wasn't cited in the complaint. You do owe the duties when you import it. I would say it seems to me not a settled question, but I certainly concede it's possible. It is not alleged in this complaint, nor is this the case, to explore that duty because there's no facts indicated. I guess the ultimate question, then, is why don't you have a preexisting to pay fixed non-discretionary import duties on imported goods as soon as they arrive in the U.S.? It seems to me I can't find any reason to ground it, so I'd have a tough time understanding why one wouldn't allow an amendment to at least allege the times and the places to whom false statements were made if, in fact, they can find any. Yeah, well, we did cite a case, I think it's a Second Circuit case, that held the proposition that if you indicate you need to conduct discovery to amend, then amendment is appropriately denied. And I think that's the appropriate result here. And, by the way, just so it's appropriately denied because all the information is in your hands, but what you're really arguing is that because it's this type of case, these people should have a little bit of secret information to be able to do anything? No, I think I would talk about the fraud standard.  And, two, that's even amplified in the False Claims Act setting where we're supposed to only benefit to this. Do they have to make out a fraud showing? Or doesn't the False Claims Statute talk about a false statement as opposed to in addition to a fraudulent statement? Well, the case, I think, the Ninth Circuit in Bly Maggie says the 9B particularity standard applies. Now, it's different elements than a cause of action for fraud, but the particularity about time, place, manner of the commission of the false claims applies, and it even applies more so here because the insider is supposed to have information. Now, if what they're requesting to do is allowed, then all you need to do is sue any company that does a lot of business with the government, importing, exporting, contracts with the government, and say, you know what? Here, 9B doesn't apply. Don't have to be specific. I don't have any inside information, even though I'm supposedly insider, subject to the rules of the False Claims Act, and I'll conduct discovery. I'll audit you. And you know what? That audit would be so expensive, it's probably worth a lot of money to settle such a case. And it would, I think, embolden experts. The money would go to the government, though, except in some small amount that goes to the key team. Sure. Well, it's still our money. And where it goes ultimately is not as big a worry as the fact that it's our money. Anything else? No, Your Honor. Thank you, Counselor. Thank you. You've got just about two minutes, not quite. You got anything you want to say? We weren't saying that we needed, well, obviously discovery would be helpful, but it's our contention that there were other custom regulations that we want to explore. Without doing discovery, and we're working with the U.S. Customs agents on that, so I think we can file an amendment complaint based upon further investigation with customs agents, and then certainly discovery would follow at that point. I just want to clarify that point. Thank you. Any further questions, Judge? Any further questions, Judge Fletcher? All right. Thank you very much, Counsel. Case 0955783, Tamanaha v. Furukawa, America, is submitted. Thank you. Thank you for your argument, Counselor. We will now take up case 0956915, Abram Rodriguez v. International Longshore and Warehouse Union Local 29.
judges: Gwin, Fletcher B. , Smith N. R.